UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE EILEEN LIND,
          Petitioner,

v.                                          Criminal Case No:97-80218
                                               Hon. Anna Diggs Taylor

UNITED STATES OF AMERICA,
          Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**

      Petitioner has filed a Motion for Expungement [Doc. #53] of her 2001 conviction on the charge of evading income taxes, a violation of 26 U.S.C. §7201.  In her motion, Petitioner indicates that she may be precluded from obtaining a position as a high school teacher if the conviction remains.  For the reasons set forth below, Petitioner's motion must be DENIED.

**I.**

      On March 5, 1997, Petitioner was charged in a five-count indictment with charges of embezzlement, mail fraud and tax evasion.  On January 16, 1998, the indictment was dismissed without prejudice.  On March 31, 1999, a First Superseding Indictment was returned against Defendant, charging her with violations of 18 U.S.C §664 (embezzlement from an employee benefit plan), 18 U.S.C §1341 (mail fraud), 26 U.S.C §7206(1) (two counts of tax fraud) and 26 U.S.C §7201 (willfully attempting to evade personal income taxes for the 1994 tax year).  On June 19, 2001, Petitioner entered a guilty plea to willfully attempting to evade income taxes for the tax year 1994.  On June 27, 2002, Petitioner was sentenced to a probation term of three years, 180 days home confinement, and was ordered to pay a $50 special assessment and restitution in the amount of $65,813.23.  In July 2002, Petitioner filed a notice of

appeal. In December 2002, the appeal was dismissed. On April 7, 2006, Petitioner filed the instant motion.

**II.**

Petitioner has filed the instant motion for expungement based on the following: (1) her probation was completed without incident and all fines and restitution imposed were paid in their entirety; (2) she has no prior or subsequent criminal history; (3) she has subsequently obtained her Bachelors and Masters Degrees, is currently working on her Doctorate and has obtained social work licensure; (4) Petitioner has been serving voluntarily as a Guardian as Litem and was recently appointed as a volunteer Ambassador to the National Health Services Corp.; and (5) that although "[t]here is no immediate financial or employment harm because of her criminal offense," she believes "this conviction will most likely preclude [her] from obtaining a position as a high school teacher." See Petitioner's Motion at p. 2, 3.

As Respondent has correctly pointed out, Petitioner does not challenge the validity of her conviction, but rather, she seeks expungement for various equitable considerations. The Sixth Circuit has held that "[i]t is within the inherent equitable powers of a federal court to order the expungement of a record [of conviction] in an appropriate case. *U.S. v. Doe*, 556 F,2d 391, 393 (6th Cir. 1977). The Sixth Circuit, however, has not yet posited a standard for determining which cases are 'appropriate'." *U.S. v. Robinson*, No. 94-1945, 1996 WL 107129, 79 F.3d 1149 (6th Cir. 1996)(unpublished opinion). Cases prior to *Robinson* have established that petitioners must demonstrate compelling and extraordinary circumstances to warrant an expunction. *Id.* at 2.

Petitioner has failed to cite any "compelling" or "extraordinary circumstances" which warrant expunction. Petitioner primarily relies on the premise that the conviction may prohibit her from obtaining a position as a high school teacher. This is insufficient to warrant expungement of her conviction.

2

Unfortunately, there are many jobs which weigh the moral strengths of the applicant. While the court acknowledges the many fine accomplishments Petitioner has made since her previous criminal activity and conviction, the reasons cited by her for expungement do not rise to the level required to grant such a motion. This court agrees with the Ninth Circuit's reasoning in *U.S. v. Smith*, 940 F.2d 395 (9th Cir. 1991) when it states that, if employment difficulties resulting from a criminal record were "sufficient to outweigh the government's interest in maintaining criminal records, expunction would no longer be the narrow, extraordinary exception, but a generally available remedy." *Id.* at 396. This court also agrees that "[i]t is possible, even likely, that any person with an arrest or conviction record may well be impeded in finding employment." *U.S. v. Flowers*, 389 F.3d 737, 739-740 (7th Cir. 2004). In fact, the court in *U.S. v. Robinson, supra*, denied a petition of expungement where the defendant alleged that her mail fraud conviction prevented her from obtaining comparable employment to that which she had at the time of her conviction. *U.S. v. Robinson*, 1996 WL 107129, at 1.

Petitioner is presently a licensed social worker and otherwise employable. The fact that her conviction *may* prohibit her from obtaining employment as a teacher is insufficient to establish "compelling or extraordinary circumstances" to warrant expunction. Accordingly, Petitioner's motion is DENIED.

Additionally,

For the foregoing reasons,

IT IS ORDERED that Petitioner's motion for expungement is hereby DENIED.

IT IS SO ORDERED.


DATED: July 25, 2006                               s/Anna Diggs Taylor
                                                   ANNA DIGGS TAYLOR
                                                   UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing *Order* was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail (Michelle E. Lind, 1910 Len Drive, Juno Beach, FL 33408) disclosed on the Notice of Electronic Filing on **July 25, 2006**.

s/Johnetta M. Curry-Williams
Case Manager
